MICHELLE UZETA, SBN 164402
NISHA N. VYAS, SBN 228922
DANNY Y. YOO, SBN 251574
dyoo@hrc-la.org
Attorneys for PLaintiffs
520 S. Virgil Avenue, Suite 400
Los Angeles, CA  90020
Tel:   (213) 387-8400 ext. 34
Fax: (213) 381-8555

JAMES J. McDONALD, Jr, Bar No. 150605
e-mail: jmcdonald@laborlawyers.com
CHRISTINE D. BARAN, Bar No. 158603
e-mail: cbaran@laborlawyers.com
FISHER & PHILLIPS LLP
18400 Von Karman Avenue, Suite 400
Irvine, California 92612
Telephone (949) 851-2424
Facsimile (949) 851-0152

Attorney for Defendants JS & RS, INC. and 11687-11677 GOSHEN PARTNER, LLC dba MAJESTIC PROPERTIES erroneously sued as MAJESTIC PROPERTIES, a California Limited Partnership,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE RIVKIN, an individual; and SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, a non-profit corporation dba HOUSING RIGHTS CENTER,<br><br>    Plaintiffs,<br><br>  vs.<br><br>JS & RS, Inc., a California Corporation; MAJESTIC PROPERTIES, a California Limited Partnership,<br><br>    Defendants. | Case No.: CV-08-03719 FMC (AGRx)<br><br>**[AMENDED] PROTECTIVE ORDER RE: STIPULATED CONFIDENTIALITY AGREEMENT** |

Plaintiffs, NATALIE RIVKIN, an individual, and SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, a non-

profit corporation dba HOUSING RIGHTS CENTER, (collectively "PLAINTIFFS"), through their attorney, and Defendants, JS & RS, INC. and 11687-11677 GOSHEN PARTNER, LLC dba MAJESTIC PROPERTIES erroneously sued as MAJESTIC PROPERTIES, a California Limited Partnership (collectively "DEFENDANTS"), through their counsel, hereby stipulate and agree that the preparation and trial of this action may require the disclosure of documents, knowledge and information claimed to contain or constitute private or confidential matters including, but not limited to, techniques employed by the Housing Rights Center in conducting fair housing investigations ("Confidential Investigations Information"), confidential tenant information, personnel records, documents or records that reveals, reflects, or otherwise refers to proprietary, sensitive, and/or confidential information, and trade secret information (hereinafter referred to collectively as "Confidential Documents".)

Subject to the approval of this Court, PLAINTIFFS and DEFENDANTS have therefore stipulated and agreed to the entry of an order by the Court governing the use and disclosure of the Confidential Documents during the course of this action.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between PLAINTIFFS and DEFENDANTS, through their counsel, that:

1. The term "THIS ACTION" as used herein shall

1  mean the matter brought before the United States
2  District Court, Central District, styled *NATALIE*
3  *RIVKIN, an individual, and SOUTHERN CALIFORNIA HOUSING*
4  *RIGHTS CENTER, a non-profit corporation dba HOUSING*
5  *RIGHTS CENTER, v. MAJESTIC PROPERTIES, a California*
6  *Limited Partnership* (Case No.: CV 08-3719 FMC (AGRx)).
7      2.  Any documents, materials, and/or information
8  produced, served or exchanged in the course of this
9  action may be designated as "CONFIDENTIAL" pursuant to
10 the terms of this Stipulated Confidentiality Agreement
11 if the designating party or attorney reasonably
12 believes that such designation is necessary to protect
13 the Confidential Documents.
14     3.  All documents, materials and/or information
15 produced or exchanged in the course of this action
16 designated "CONFIDENTIAL," shall be used solely for
17 the purpose of THIS ACTION, and shall not be made
18 available to persons other than QUALIFIED PERSONS (as
19 defined in Paragraph 4, below) or the party or non-
20 party who produced the documents, materials and/or
21 information; except that (1) the parties hereto may
22 use the Confidential Documents designated
23 "CONFIDENTIAL" in lodgings made with the court or in
24 arguments made to the court; (2) the parties hereto
25 may use Confidential Documents designated as
26 "CONFIDENTIAL" in depositions so long as that portion
27 of the deposition transcript referring to said
28 Confidential Documents or their subject matter as well

as the documents and materials themselves are sealed pursuant to the provisions of Paragraph 8 herein; and (3) the parties hereto may use Confidential Documents designated as "CONFIDENTIAL" in court proceedings or mediation between them.  It is understood between the parties to this Stipulated Confidentiality Agreement that if Confidential Documents designated "CONFIDENTIAL" are used in this Action, the party introducing those documents, will take all reasonable steps to protect the confidentiality of the Confidential Documents, including, for example, notifying the court or mediator of this Stipulated Confidentiality Agreement.  If Confidential Documents are used at trial, they will become public absent a separate Court order upon motion and sufficient cause shown.  A party requesting that Confidential Documents be filed under seal must comply with Local Rule 79-5.

    4.   "QUALIFIED PERSON" as used herein means: (a) a party hereto, an officer, partner, or director of a party hereto, or in-house counsel of a party having responsibility for or working on THIS ACTION, or (b) outside counsel employed by a party to THIS ACTION, or an employee of such counsel to whom it is necessary that the Confidential Documents be shown for purposes of THIS ACTION, or (c) other employees of a party for the purpose of working directly on THIS ACTION at the request or at the direction of counsel, or (d) non-attorneys retained by a party or its attorneys of

1  record in THIS ACTION to assist in THIS ACTION, such
2  as independent accountants, expert witnesses,
3  consultants or other technical experts, (e) the Court
4  and its personnel, including court reporters actually
5  involved in transcribing depositions and proceedings
6  in this litigation, or (f) nonparty witnesses and/or
7  deponents but only during the course of their
8  deposition or testimony given in connection with THIS
9  ACTION.
10      In the event that any QUALIFIED PERSON to whom
11 Confidential Documents is disclosed ceases to engage
12 in the preparation for trial in THIS ACTION, access by
13 such QUALIFIED PERSON to such Confidential Documents
14 shall be terminated.  However, the provisions of this
15 Order shall remain in full force and effect as to any
16 QUALIFIED PERSON who has been given access to
17 "CONFIDENTIAL" documents.
18      5.  "CONFIDENTIAL" designations in accordance with
19 paragraph 2 above shall be made as follows:
20          (a) Designation of Confidential Documents, as
21 "CONFIDENTIAL" shall be made by conspicuously stamping
22 or writing "CONFIDENTIAL" on each page thereof or, if
23 the document is more than one page long, by
24 conspicuously stamping or writing "CONFIDENTIAL" on
25 the first page thereof.
26          (b) Designation of a deposition, or portions
27 thereof, as "CONFIDENTIAL" shall be made by a
28 statement on the record by counsel for the party or

1  other person making the designation at the time of
2  such testimony. The portions of depositions so
3  designated as "CONFIDENTIAL" shall be taken only in
4  the presence of persons qualified to receive such
5  information pursuant to the terms of this Stipulated
6  Confidentiality Agreement, the court reporter, the
7  deponent, and the deponent's attorney. The parties
8  shall instruct the court reporter to segregate such
9  portions of the deposition in a separate transcript
10 designated as "CONFIDENTIAL." Portions of such
11 deposition transcripts shall be clearly marked as
12 "CONFIDENTIAL" on the cover or on each page, as
13 appropriate.
14         (c) Any party may designate Confidential
15 Documents as "CONFIDENTIAL" even if not initially
16 designated as "CONFIDENTIAL" in accordance with the
17 terms of this Stipulated Confidentiality Agreement by
18 so advising counsel for each other party in writing
19 within thirty (30) days after the delivery of said
20 Confidential Documents or receipt of the deposition
21 transcript that it wishes to designate as
22 "CONFIDENTIAL." Until the thirty-day period expires,
23 all discovery shall be treated as "CONFIDENTIAL."
24 Thereafter, documents, materials and/or information
25 designated as "CONFIDENTIAL" shall be treated in
26 accordance with the terms of this Stipulated
27 Confidentiality Agreement.
28     6. Any party has the right to challenge any

1  "CONFIDENTIAL" designation made by any other party
2  pursuant to this Stipulated Confidentiality Agreement.
3      (A)  If any party objects in writing to the
4  "CONFIDENTIAL" designation of any documents, the
5  designating party shall file an application to have
6  the court determine whether the documents designated
7  as "CONFIDENTIAL" is in fact confidential, and such
8  application shall be filed and served within ten (10)
9  days after receipt of the written objection.
10      (B) If any party receives documents that have not
11  been designated as "CONFIDENTIAL" but believes that
12  such documents is confidential, the party requesting
13  "CONFIDENTIAL" designation of the documents, materials
14  and/or information shall send written objection to the
15  producing party requesting a "CONFIDENTIAL"
16  designation.  If the producing party does not agree to
17  such designation, the party requesting the
18  "CONFIDENTIAL" designation shall file an application
19  to have the court determine whether the documents not
20  designated as "CONFIDENTIAL" is in fact confidential,
21  and such application shall be filed and served within
22  ten (10) days after sending the written objection.
23  The party seeking the "CONFIDENTIAL" designation shall
24  have the burden of proving that the designated
25  documents are entitled to protection.
26      The contested "CONFIDENTIAL" documents, shall be
27  treated as "CONFIDENTIAL" pursuant to this Stipulated
28  Confidentiality Agreement until the court rules

1  otherwise.  If no application is filed within ten (10)
2  days after receipt of the written objection in the
3  manner set forth in paragraph 6(A) above, or if no
4  application is filed within ten (10) days after
5  sending written objection in the manner set forth by
6  paragraph 6(B) above, the contested documents shall no
7  longer be treated as "CONFIDENTIAL" pursuant to this
8  Stipulated Confidentiality Agreement after the
9  expiration of the ten-day period.
10       7.   If for some reason "CONFIDENTIAL" documents,
11 are to be disclosed to a third-party witness at a
12 deposition, or to an expert or consultant, or to
13 anyone else entitled to receive such documents under
14 this Stipulated Confidentiality Agreement, prior to
15 such documents being disclosed, a copy of this
16 Stipulated Confidentiality Agreement shall be shown to
17 such individual and his or her agreement to abide by
18 the terms of this Stipulated Confidentiality Agreement
19 by maintaining the "CONFIDENTIAL" nature of documents,
20 shall be obtained by counsel.  Such agreement shall be
21 reflected by having that person sign a copy of this
22 Stipulated Confidentiality Agreement.  If such
23 individual refuses to assent to be bound by this
24 Stipulated Confidentiality Agreement, disclosure to
25 that individual of "CONFIDENTIAL" documents shall not
26 be permitted without an Order of the court or
27 agreement between the parties.
28       8.   The original, and all copies, of any

deposition or portion thereof taken herein and designated as "CONFIDENTIAL" shall be so designated by the reporter. The court reporter shall label the envelope in which the deposition transcripts are maintained: "This deposition was taken subject to the Stipulated Confidentiality Agreement." The reporter shall provide copies of such deposition transcripts only to the deponents and the attorneys for the parties hereto. If the deposition transcript or any portion thereof is lodged or otherwise provided to the court, the transcript will be subject to the provisions of this Order.

9. Within 15 days after conclusion of trial, or as otherwise agreed to by the parties in writing, any originals or reproductions of any "CONFIDENTIAL" documents shall be returned to the producing party or non-party upon request.

10. Nothing in this Stipulated Confidentiality Agreement shall prohibit a party from seeking additional, modified or further protection of "CONFIDENTIAL" documents and/or information during or before the trial of THIS ACTION by stipulation among all the parties, approved by the court, by application to the court, or by the court's Order.

11. This Stipulated Confidentiality Agreement and the agreements embodied herein shall survive the termination of THIS ACTION and continue in full force and/or effect thereafter.

12. The provisions of this Stipulated Confidentiality Agreement are intended solely to facilitate the preparation and trial of THIS ACTION, and shall not be construed in any way as an admission or agreement by any party that any Confidential Documents do or do not constitute or contain private or confidential information.

13. Nothing in this Stipulated Confidentiality Agreement shall be construed to affect either the discoverability or admissibility at trial of any documents, materials, and/or information nor shall any party's entry into this Stipulated Confidentiality Agreement be deemed to waive either its, his, or her right to object to the production of documents, materials, and/or information on appropriate grounds, or to move to compel the production of documents, materials, and/or information wrongfully withheld from production by another party or entity.

14. All new parties hereafter brought into the litigation shall be bound by the terms of this Stipulated Confidentiality Agreement.  Any such party may, by noticed motion and for good cause, seek an order from the court for relief from applicability of this Stipulated Confidentiality Agreement.

**IT IS SO ORDERED**

Dated: September 9, 2008  _____
THE HON. ALICIA G. ROSENBERG
U.S. DIST. MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE